UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,

      Plaintiff,

v.                                                       Civil No. 13-3527 (JNE/SER)

Kenney Bank and Trust,

      Defendant.

This case is before the Court on Residential Funding Company, LLC's motion to transfer venue. No response from Kenney Bank and Trust to the motion has been received, but there is no indication in the record that Residential Funding served the motion on Kenney Bank and Trust.[1] Residential Funding's arguments in support of its motion are essentially the same as those made in support of its motion to transfer venue in *Residential Funding Co., LLC v. Cherry Creek Mortgage Co.*, Civil No. 13-3449 (filed Dec. 12, 2013). The Court denied Residential Funding's motion to transfer venue in *Cherry Creek Mortgage*. For essentially the same reasons, the Court denies Residential Funding's motion to transfer venue in this case.

---

[1] Kenney Bank and Trust has not appeared in this action. Its default has not been entered. *See* Fed. R. Civ. P. 55(a). Although Residential Funding filed an affidavit of service in January 2014 to establish that it had served the Summons and Complaint on Kenney Bank and Trust, the Court questions whether Residential Funding served Kenney Bank and Trust. *See* Fed. R. Civ. P. 4(m). The affidavit of service indicates that the Summons and Complaint were served on Kenney Bank and Trust at Bank of Highwood in Highwood, Illinois, by handing them to an officer of Kenney Bank and Trust. The individual who received the Summons and Complaint is identified as a president. According to the Complaint, Kenney Bank and Trust's "only branch location" is in Kenney, Illinois, and its "separate headquarters" is in Brookfield, Wisconsin.

The provision regarding jurisdiction and venue in the client contract that Residential Funding attached to its Complaint differs from the one quoted in *Cherry Creek Mortgage*. Here, the provision provides that that Client's consent to the jurisdiction and venue of any state or federal court in Minnesota "does not affect GMAC-RFC's right . . . to commence legal proceedings or otherwise proceed against Client in any other jurisdiction or court." Assuming that the provision renders consideration of private-interest factors appropriate, the Court concludes that Residential Funding failed to demonstrate that transfer serves the convenience of parties and witnesses. *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581-82 (2013).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Residential Funding's motion to transfer venue [Docket No. 6] is DENIED.

Dated: April 29, 2014

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge