UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,

    Plaintiff,

v.                                                    Civil No. 13-3527 (JNE/SER)
                                                     ORDER

Kenney Bank and Trust,

    Defendant.

      On December 23, 2014, the Court ordered Residential Funding Company, LLC, to show cause by noon on January 5, 2015, why this action should not be dismissed for failure to serve Kenney Bank and Trust, *see* Fed. R. Civ. P. 4(m), and why this action should not be dismissed for failure to prosecute, *see* Fed. R. Civ. P. 41(b).  Residential Funding timely responded.  For the reasons set forth below, the Court dismisses this action without prejudice.

      Residential Funding brought this action against Kenney Bank and Trust, which has not made an appearance, in December 2013.  In January 2014, Residential Funding filed an affidavit of service to establish that it had served Kenney Bank and Trust in December 2013.  In March 2014, Residential Funding moved to transfer the action to the United States District Court for the Southern District of New York.  Noting that its motion was "uncontested," Residential Funding filed a reply memorandum in support of its motion the next month.  On April 29, 2014, the Court noted that "there is no indication in the record that Residential Funding served the motion on Kenney Bank and Trust" and denied the motion for essentially the same reasons set forth in an order filed in a separate

1

action brought by Residential Funding against Cherry Creek Mortgage Co. The Court also questioned whether Residential Funding had served the Summons and Complaint on Kenney Bank and Trust:

> Although Residential Funding filed an affidavit of service in January 2014 to establish that it had served the Summons and Complaint on Kenney Bank and Trust, the Court questions whether Residential Funding served Kenney Bank and Trust. *See* Fed. R. Civ. P. 4(m). The affidavit of service indicates that the Summons and Complaint were served on Kenney Bank and Trust at Bank of Highwood in Highwood, Illinois, by handing them to an officer of Kenney Bank and Trust. The individual who received the Summons and Complaint is identified as a president. According to the Complaint, Kenney Bank and Trust's "only branch location" is in Kenney, Illinois, and its "separate headquarters" is in Brookfield, Wisconsin.

Without addressing the issue of whether it had served the Summons and Complaint on Kenney Bank and Trust, Residential Funding applied for the entry of Kenney Bank and Trust's default on June 30, 2014. *See* Fed. R. Civ. P. 55(a). To demonstrate that it had served Kenney Bank and Trust, Residential Funding relied on the same affidavit of service that the Court had questioned on April 29. On July 1, 2014, the Clerk of Court entered default against Kenney Bank and Trust.

Almost four months later, Residential Funding filed a letter "as a status update." In the letter, which is dated October 24, 2014, Residential Funding stated that it "intends to bring a motion for default judgment within the next 60 days."

In an Order filed at 4:38 p.m. on December 23, 2014, the sixtieth day after Residential Funding had filed its "status update," the Court noted that Residential Funding had not filed a motion for default judgment. The Court ordered Residential Funding to show cause why this action should not be dismissed for failure to serve the

Summons and Complaint on Kenney Bank and Trust, *see* Fed. R. Civ. P. 4(m), and to show cause why this action should not be dismissed for failure to prosecute, *see* Fed. R. Civ. P. 41(b). The Court directed Residential Funding to "explain how service on 'Rachele L. Wright, President,' at Bank of Highwood in Highwood, Illinois, constitutes service on Kenney Bank and Trust, whose 'only branch location' and 'separate headquarters' are in Kenney, Illinois, and Brookfield, Wisconsin, respectively." At 11:36 p.m. on December 23, Residential Funding filed a motion for default judgment.

In its response to the December 23 Order, Residential Funding stated that it "no longer believes it effectuated service on Kenney Bank and Trust on December 16, 2013"; that it served the Summons and Complaint on Kenney Bank and Trust after the order to show cause had issued; that its service in December 2014 should be "effective *nunc pro tunc* as of December 16, 2013"; and that it has actively pursued its claims such that a dismissal for failure to prosecute is not warranted.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If the plaintiff shows good case for the failure to serve within 120 days, then the district shall extend the time for service. *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010). If the plaintiff fails to show good cause for the failure to serve

3

within 120 days, then the district may extend the time for service instead of dismissing the action without prejudice.  *Id.*  "To warrant a discretionary extension, the plaintiff must establish excusable neglect."  *Id.*

"Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase.  'A showing of good cause requires at least "excusable neglect"—good faith and some reasonable basis for noncompliance with the rules.'"  *Id.* (citations omitted) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1986)).  Good cause will likely be found if the plaintiff's failure to serve within 120 days is a result of a third person's conduct, the defendant evaded service or engaged in misleading conduct, the plaintiff acted diligently or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.  *Id.*  Excusable neglect is an "elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Id.* at 959 (internal quotation marks omitted).  Four factors are "particularly important" to determine whether neglect is excusable: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith."  *Id.*; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  "These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis."  *Kurka*, 628 F.3d at 959.

According to Residential Funding, its "noncompliance with the service rules is excusable neglect made in good faith, and good cause exists for extending the time required for service." Residential Funding explained that it retained a process server to serve Kenney Bank and Trust, instructed the process server to serve Kenney Bank and Trust at three separate locations, and relied on the process server's affidavit of service, which represented that an officer of Kenney Bank and Trust had received the Summons and Complaint. Residential Funding asserted that it "received seven nearly identical orders from the Court denying motions to transfer venue" on April 29, 2014, and that it "inadvertently overlooked the Court's warning of the service issue . . . in good faith." Residential Funding argued that no prejudice to Kenney Bank and Trust will take place because Kenney Bank and Trust will be able to defend the case on the merits and that Residential Funding could be substantially prejudiced by a dismissal because of the statute of limitations.

With respect to the initial attempt to serve Kenney Bank and Trust, an affidavit submitted by one of Residential Funding's attorneys reveals that "Felhaber Larson engaged the services of Metro Legal Services, Inc. . . ., a professional process server, to serve a Summons and Complaint on Kenney Bank and Trust on all three of the following three locations:" (1) Minnesota Secretary of State for service on Kenney Bank and Trust, Route 54 and Jordan Street, Kenney, IL  61749; (2) Kenney Bank and Trust, c/o Rachele Wright, 727 N. Bank Lane, Lake Forest, IL  60045; and (3) Kenney Bank and Trust, c/o Registered Agent, Officer of the Company or Other Agent Authorized to Receive Service, Route 54 and Jordan Street, Kenney, IL  61749.  In turn, Metro Legal Services

5

"engaged the services of Jim Joyce of Northshore Process Service to complete service on Kenney Bank and Trust." On December 16, 2013, the attorney "received a notification from the process server that the President of Kenney [Bank and Trust] had been served at a Highwood, Illinois location." "The process server explained that upon arriving at the Lake Forest address, he was told Ms. Wright was located at the Highwood address." Later, Residential Funding received an affidavit from Joyce in which he stated that he had served Wright at a location in Highwood, Illinois. "The affidavit designated Ms. Wright as 'President' and 'and Officer of Kenney Bank and Trust.'" Residential Funding relied on Joyce's affidavit "as evidence that proper service had been completed." Another attorney's affidavit states that Metro Legal Services has no evidence that either it or "Northern Process Service . . ., the Illinois process service company retained by Metro Legal [Services] in December 2013, had served Kenney Bank and Trust: (a) at Defendant's Kenney, Illinois location, or (b) through the Minnesota Secretary of State's Office."[1]

As to the failure to respond to the question raised in the April 2014 Order, one of the attorneys explained that Residential Funding "filed identical Motions to Transfer Venue to the U.S. Bankruptcy Court for the Southern District of New York in 59 actions, including the instant action," on March 4, 2014. "When [Residential Funding] began to receive orders denying its Motions to Transfer Venue, each order appeared identical."

---

[1] Affidavits of two of Residential Funding's attorneys supported its response to the order to show cause. In one, the company for which Joyce worked is identified as "Northshore Process Service." In the other, the company retained by Metro Legal Services to serve Kenney Bank and Trust is identified as "Northern Process Service."

Residential Funding "did not review each order substantively" because each order "appeared similar." Instead, Residential Funding "reviewed each order cursorily to determine its outcome" and "did not notice the service issue noted in [the April 2014] Order."

Residential Funding has not demonstrated good cause for its failure to serve Kenney Bank and Trust within 120 days of the Complaint's filing. *See id.* at 958 ("In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.'" (quoting *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997)). Residential Funding directed that Kenney Bank and Trust be served at three locations: (1) the Minnesota Secretary of State; (2) an address in Lake Forest, Illinois; and (3) an address in Kenney, Illinois. Residential Funding has not explained why it directed that Kenney Bank and Trust be served at the address in Lake Forest, Illinois, from which Joyce traveled to Bank of Highwood in Highwood, Illinois. According to the Complaint, Kenney Bank and Trust's "only branch location" is in Kenney, Illinois, and its "separate headquarters" is in Brookfield, Wisconsin. Residential Funding assumed that service was proper notwithstanding the facts that service took place at none of the three locations it had identified, that it received no evidence that any attempt had been made to effectuate service at two of the three locations, and that the putative service took place at neither Kenney Bank and Trust's "only branch location" nor Kenney Bank and Trust's "separate headquarters."

Residential Funding has not demonstrated excusable neglect that would warrant a discretionary extension. *See id.* at 959-60. Residential Funding relied on an affidavit of

7

service that revealed Kenney Bank and Trust was served at Bank of Highwood in Highwood, Illinois. A short time after the expiration of the 120-day period set in Rule 4(m), the Court brought the issue of service on Kenney Bank and Trust to Residential Funding's attention. But the issue escaped Residential Funding because Residential Funding "cursorily" reviewed the April 2014 Order. The Court is not aware of any prejudice that Kenney Bank and Trust will experience beyond that which attends the passage of time. Residential Funding served the Summons and Complaint on Kenney Bank and Trust more than one year after Residential Funding filed the Complaint. Although the statute of limitations might bar a refiled action, "the running of the statute of limitations does not require the district court to extend time for service of process." *Id.* at 959 (quoting *Adams*, 74 F.3d at 887).

In short, Residential Funding failed to show cause why the action should not be dismissed for failure to serve Kenney Bank and Trust within the 120-day period set by Rule 4(m). Residential Funding did not establish good cause for its failure to timely serve Kenney Bank and Trust, and it did not establish excusable neglect that would warrant a discretionary extension. The Court dismisses this action without prejudice. *See* Fed. R. Civ. P. 4(m). The Court expresses no opinion on the issue of whether the action should be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

9

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 6, 2015

                                                s/Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge